IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STILL                                                                                           PLAINTIFF

v.                                        Case No. 3:11-CV-03093

JOHNNY HINCHEY, individually and
in his capacity as County Judge for Searcy County,
Arkansas, and SEARCY COUNTY, ARKANSAS                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's briefs (Docs. 14 and 16) and Defendants' brief (Doc. 15) regarding the Court's *sua sponte* inquiry into subject matter jurisdiction. During a telephonic hearing on February 3, 2012, the Court ordered the parties to submit briefs addressing whether the Court has subject matter jurisdiction over Plaintiff's claims in this case. For the reasons described below, the Court finds that it lacks subject matter jurisdiction over Plaintiffs' claims, and the case is therefore **DISMISSED** without prejudice.

Plaintiff alleges that in July and August of 2011, Defendant Johnny Hinchey, who is County Judge of Searcy County, Arkansas, directed county employees to trespass upon Plaintiff's property to widen a county road located adjacent to Plaintiff's home. Plaintiff also contends that in the process of widening the county road, fences that had been erected by Plaintiff on or near the roadside were destroyed, and some of Plaintiff's land was taken without just compensation. The Complaint in this case purports to assert causes of action pursuant to 42 U.S.C. § 1983 for trespass, destruction of property, conversion, and civil conspiracy to commit trespass and conversion, among other allegations.

To state a claim under § 1983, Plaintiff must show that a person or persons acting under color of state law deprived him of certain rights, privileges, or immunities secured by the U.S. Constitution

or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Without opining on the merits of Plaintiff's § 1983 claims, the Court finds that all of Plaintiff's allegations stem from the same set of facts, namely, the alleged "taking" of Plaintiff's property through the county government's powers of eminent domain.[1]

In the case at bar, the state process for obtaining relief from the county government's exercise of its powers of eminent domain was entirely bypassed by Plaintiff in favor of bringing his taking claim directly, and prematurely, to this Court in the form of a §1983 action. There has been no allegation by Plaintiff that his constitutional right of access to state courts was infringed, thereby forcing him to seek redress in federal court. Instead, Plaintiff filed his claim in federal court first due to his apparent concern that the claim would not be adjudicated fairly and impartially in state court, and in particular in the local county court. Despite Plaintiff's reservations regarding the state court adjudication process, the fact remains that this federal Court lacks jurisdiction over Plaintiff's claims based on a county governmental taking.

The law is clear that a §1983 action premised on a taking theory cannot be asserted when a post-taking state remedy exists. *Collier v. City of Springdale*, 733 F.2d 1311, 1315-17 (8th Cir.

---

[1] Plaintiff's allegations of trespass, conversion, and destruction of property are, in and of themselves, merely common law torts that do not generally infringe on rights afforded to citizens by the U.S. Constitution. Plaintiff asserts here that the torts enumerated in his Complaint were committed by county officials acting under color of state law in maintaining and widening a county road near Plaintiff's home. It bears noting, however, that simply because county officials were involved in such activities does not mean that Plaintiff's claims constitute violations of §1983. As noted in *Light v. Blackwell*, 472 F.Supp. 333, 338 (E.D. Ark. 1979), "[t]he scope of the protection accorded to individual freedoms and liberties by 42 U.S.C. §§1983, 1985, and 1986, is not without limits." Certain rights may be adequately protected by state law, and in fact are intended to be protected by state law in state courts by virtue of designated state court processes. Accordingly, federal courts must be cautious before assuming jurisdiction over these types of claims; otherwise, a simple property damage claim could be characterized improperly as a federal constitutional violation. *See id.*

1984), *cert. denied*, 105 S.Ct. 186 (1984).  Article 2, § 22 of the Arkansas Constitution guarantees just compensation for private property owners who claim damages due to a governmental taking. *Id.* at 1316.  Because the state provides an adequate remedy for compensating property owners for damage or destruction of property, or prospectively for injunctive relief, the state has jurisdiction over the claim.  *Id.* at 1317; *see also* A.C.A. §§ 18-15-102 and 14-298-121.  "If the state provides an adequate remedy, then the federal court will not entertain jurisdiction of the case; otherwise it 'would be an unwarranted interference with state court jurisdiction.'" *Harris v. Missouri Conservation Commission*, 790 F.2d 678, 680 (8th Cir. 1986) (affirming district court's dismissal of §1983 taking-based claims based on lack of subject matter jurisdiction) (*citing Collier*, 733 F.2d at 1315).  The Eighth Circuit has concluded on this point that "[t]o assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums." *Collier*, 733 F.2d at 1317 (*citing Light*, 472 F.Supp. at 338).  Moreover, "[e]ven if the state remedies do not provide plaintiffs with the same amount of relief which they might receive under a §1983 action, this does not mean that the state remedies are inadequate." *Harris*, 790 F.2d at 681 (*citing Hudson v. Palmer*, 468 U.S. 517 (1984)).  Finally, the U.S. Supreme Court has also held that a property owner has no claim for a violation of his federal constitutional rights due to a taking of his property "if a State provides an adequate procedure for seeking just compensation..." *Williamson Planning Commission v. Hamilton Bank*, 473 U.S. 172, 195 (1985)*.*

If proceeding through the state court system results in Plaintiff being denied his constitutional right of access to the courts, then Plaintiff may re-petition the Court for relief pursuant to §1983.

In *Harrison v. Springdale Water & Sewer Commission*, 780 F.2d 1422, 1428 (8th Cir. 1986), the Eighth Circuit held that the facts surrounding a governmental taking claim may, under limited circumstances, create a derivative cause of action under §1983, not for the taking itself, but for depriving a citizen of fair access to the courts. The *Harrison* plaintiffs alleged that after they filed suit against certain state actors in state court on a taking claim, the defendants retaliated by conspiring to force the plaintiffs to settle their case or face a frivolous condemnation counterclaim. Such retaliatory actions, designed to intimidate citizens and punish them for seeking judicial relief, implicate the First Amendment to the Constitution and could create a valid §1983 cause of action. *Id.* However, the holding in *Harrison* does not yet apply to the instant dispute, as Plaintiff has not yet availed himself of state court processes and has not yet suffered any constitutional deprivation due to lack of fair access to state courts.

Accordingly, the Court has no jurisdiction to adjudicate Plaintiff's § 1983 claims based on a governmental taking, pursuant to the clear rule announced in *Collier* that such claims are precluded by state law. Unless and until Plaintiff seeks redress through state remedies, he can have no claim arising from the alleged taking of his property cognizable under §1983.

Therefore, for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. All other pending motions are hereby **DENIED AS MOOT**.

IT IS SO ORDERED this 9th day of March, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE